**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0276n.06
Filed: April 9, 2009

No. 07-1854

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| WILLIE DAVIS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| BLAINE LAFFLER, | ) | |
| | ) | |
| Respondent-Appellee. | ) | OPINION |
| | ) | |
| _____ | ) | |

**Before: MARTIN and GILMAN, Circuit Judges; and ZOUHARY, District Judge.***

**JACK ZOUHARY, District Judge.** *Pro se* Petitioner Willie Davis was charged with

sexually assaulting two minors -- his daughter and his niece. Petitioner was convicted by a jury in

June 2002 of eight counts of first-degree criminal sexual conduct and one count of second-degree

criminal sexual conduct, and was sentenced as a fourth habitual offender to concurrent prison terms

of 75 to 150 years for each conviction. The Michigan court of appeals affirmed the convictions in

February 2004. His application for leave to appeal to the Michigan Supreme Court was denied.

Petitioner subsequently filed a *pro se* petition for habeas corpus with the federal district court

alleging, *inter alia*, six grounds for ineffective assistance of counsel, and infringement of his due

_____

* The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by
designation.

process rights stemming from the trial court's refusal to re-open the proofs for the defense. The district court denied his petition, but certified an appeal, finding Petitioner had made a substantial showing of the denial of a constitutional right.

We review the district court's legal conclusions de novo and its factual findings for clear error. *Greer v. Mitchell*, 264 F.3d 663, 671 (6th Cir. 2001). Habeas corpus petitions are reviewed pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, which states in pertinent part that a federal court may not grant a writ of habeas corpus to a state prisoner with respect to any claim adjudicated on the merits unless (1) the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court;" or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law under § 2254(d)(1) "if the court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An "unreasonable application" occurs when "the State court identified the correct legal principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Id.*

We have carefully reviewed the record, briefs, and applicable law, and conclude that the district court did not err by denying federal habeas relief. The district court's opinion is well-reasoned, and the issuance of a full written opinion by this Court would serve no useful purpose. Therefore, for the reasons stated by the district court, we **AFFIRM** the denial of federal habeas relief.

2